UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kevin Dwight-Franklin,

Plaintiff,

v.

Dollar Tree,

Defendant.

File No. 26-cv-4103 (ECT/ECW)

**OPINION AND ORDER**

---

Kevin Dwight-Franklin, *pro se*.

---

This matter is before the Court on Plaintiff Kevin Dwight-Franklin's Complaint [ECF No. 1] and Application to Proceed *In Forma Pauperis* [ECF No. 2] ("IFP Application"). The case will be dismissed and the IFP Application will be denied as moot.

Dwight-Franklin filed this *pro se* action on September 22, 2026, against one defendant: "Dollar Tree," presumably referring to Dollar Tree, Inc. The Complaint uses a template form and claims federal-question jurisdiction, invoking Dwight-Franklin's constitutional rights, and it lists as Dwight-Franklin's claims securities fraud and an assault at a Dollar Tree store in Tallahassee, Florida. *See* Compl. at 3–4. The Complaint also includes a 24-page (single-spaced) typed attachment. *See generally* ECF No. 1-1. As relevant here, the attachment recounts that in May 2024, while Dwight-Franklin was shopping in the Tallahassee store, someone vandalized his 2011 Honda Civic in the store's parking lot. *See id.* at 1, 9, 17. The attachment also alleges that the store "lacked physical security necessary to keep [Dwight-Franklin] safe while [he] shopped," and that the manager "was

apologetic" the next day but, Dwight-Franklin was told, "couldn't do very much about the parking lot." *Id.* at 9.

The attachment alleges generally that a group of stalkers has followed Dwight-Franklin across the country for over twenty years and is responsible for the 2024 vandalism of his car. *See id.* at 1–3, 7, 10. Dwight-Franklin says that this group drugged him at a McDonald's in 2000 and "planted a microchip in [his] food." *Id.* at 1. He also claims they performed eye surgery on him without his consent while he slept and "molested [him] wirelessly" as a minor. *Id.* at 1–2, 10. He further alleges that in May 2026, in Minnesota, the group "shaved down" his molars "wirelessly" and that in 2025, it caused third-degree burns on his leg "electronically." *Id.* at 4, 9, 15. Finally, he says that the group manipulates the weather and cloud shapes and commits securities fraud through dollar stores and private "penny stock" forums. *See id.* at 4, 7–8, 16–17.

Read liberally, the Complaint suggests three types of claims against Dollar Tree.[1] First, there are constitutional claims under 42 U.S.C. § 1983, based on the Florida store's alleged failure to protect Dwight-Franklin on its premises and its employees' involvement in the stalking enterprise. *See* Compl. at 3; ECF No. 1-1 at 9–10, 16–17. Second, Dwight-Franklin seemingly wants to raise unspecified federal securities-fraud claims, alleging that Dollar Tree and its employees are involved in such fraud (and a Ponzi scheme) through the store and private trading forums. *See* Compl. at 4; ECF No. 1-1 at 3–4, 7–9, 16. Third, there are various state-law tort claims, mainly sounding in negligence or premises liability,

---

[1] The attachment also accuses (many) other people and entities who are not defendants, but no claims against them are before the Court. *See* Fed. R. Civ. P. 10(a).

related to the May 2024 vandalism. ECF No. 1-1 at 1, 6, 9, 17, 22. For relief, Dwight-Franklin seeks only money damages. *See* Compl. at 4; ECF No. 1-1 at 1.

Rather than pay this action's filing fee, Dwight-Franklin submitted the IFP Application, which suggests that as a financial matter he likely qualifies for *in forma pauperis* ("IFP") status. But under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case proceeding IFP] at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legal frivolousness describes a claim built on an "indisputably meritless legal theory." *Id.* at 327. Factual frivolousness, on the other hand, describes allegations that are "fanciful," "fantastic," or "delusional" (i.e., allegations that "rise to the level of the irrational or the wholly incredible"). *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (citation modified).

When deciding whether a complaint states a claim, a court accepts the complaint's factual allegations as true and permits the plaintiff every reasonable inference. *See, e.g.*, *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). A complaint need not include exhaustive detail, but it must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility is a "context-specific" inquiry guided by a court's "judicial

experience and common sense." *Id.* at 679; *see also, e.g.*, *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc). Courts read *pro se* complaints like Dwight-Franklin's generously, but even these pleadings must allege enough facts to support each claim. *See, e.g.*, *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741–42 (8th Cir. 2019).

The Complaint's main thrust is that a coordinated group, spanning multiple states over twenty years, has targeted Dwight-Franklin with surveillance, secret surgeries, and electronic attacks. *See, e.g.*, ECF No. 1-1 at 1, 3, 7, 9–10, 19. The May 2024 vandalism in a Dollar Tree parking lot is purportedly part of this campaign. *See id.* at 1–2, 17. The allegations about this scheme "rise to the level of the irrational or the wholly incredible," *Denton*, 504 U.S. at 33, and are just the sort of "fantastic or delusional scenarios" that factual-frivolity caselaw has in mind, *Neitzke*, 490 U.S. at 328. Any claims based on this conspiracy, including the idea that Dollar Tree or its employees are involved in organized stalking or that vandalizing Dwight-Franklin's car was part of a coordinated "message," have no arguable basis in fact. The Court dismisses any such claims as frivolous.

Any constitutional claims against Dollar Tree also fail for another reason. Section 1983's under-color-of-state-law element "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation modified). Dollar Tree is a private retailer, so it can be liable under § 1983 only if it was "a willful participant in joint activity with the State," which requires plausible allegations of "a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Magee v. Trs. of Hamline Univ.*, 747 F.3d 532, 536 (8th Cir. 2014) (citation modified). Dwight-Franklin provides no such allegations. His

references to police officers, courthouse staff, and "local governments" stalking citizens for profit, *see* ECF No. 1-1 at 8, 19, 21, fall squarely within the conspiracy narrative already found frivolous. And a private store's alleged failure to protect a customer from third-party vandalism in a parking lot is not plausibly state action. Dwight-Franklin thus fails to state a § 1983 claim.

As for the Complaint's purported securities-fraud claims, a private damages action under, for example,[2] § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 is limited to actual purchasers or sellers of securities. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 749 (1975). Stating such a claim requires alleging a material misrepresentation or omission, scienter, and loss caused by fraud "in connection with the purchase and sale of a security." *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) (quoting *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 888 (8th Cir. 2002)). Dwight-Franklin does not allege buying or selling any security; furthermore, his references to "penny stocks," private trading forums, and a retail-sector Ponzi scheme, *see* ECF No. 1-1 at 3–4, 7–9, 16, 18, do not identify any relevant misrepresentations, transactions, or losses.[3]

[2] As noted above, Dwight-Franklin does not specify the securities-law statutes he means to rely on for any securities-fraud claims.

[3] Dwight-Franklin's other scattered federal-law references also state no claims. The Health Insurance Portability and Accountability Act, which he cites in relation to an alleged leak of his medical records, *see* ECF No. 1-1 at 17–18, does not provide a private right of action. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). Allegations of others' criminal conduct, *see, e.g.*, ECF No. 1-1 at 5, 7, 10, 22, do not state a civil claim against Dollar Tree. And while Dwight-Franklin also points to various other statutes and regulations, *see,*

What remains is this action's claim that an unknown person vandalized Dwight-Franklin's car in a Tallahassee parking lot and that Dollar Tree did not provide enough security. *See* ECF No. 1-1 at 1, 9, 17. Any tort claims arising from this are based on state law, and there is no separate basis for federal jurisdiction. Dwight-Franklin only invokes federal-question jurisdiction, *see* Compl. at 3, and in any event the Complaint does not state the citizenship of either party, *see id.*, which diversity jurisdiction requires. *See Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). Because the Court is dismissing all claims over which it has original jurisdiction, it may decline to hear the remaining claims. *See* 28 U.S.C. § 1367(c)(3). In most cases where all federal claims are dismissed before trial, the relevant factors support declining jurisdiction over the state-law claims. *See Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (quoting *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004)). No defendant has been served in this action, and the state-law claims concern events in Florida. The Court thus declines to exercise supplemental jurisdiction and will dismiss the state-law claims without prejudice.

Under the discussion above, this action is being dismissed in its entirety. Given this, the Court denies the IFP Application as moot.

---

*e.g.*, ECF No. 1-1 at 5, 7, 10–11, 13, 15–17, 19, he does not allege any facts plausibly linking Dollar Tree to the conduct that those laws address.

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. This action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) as to Plaintiff Kevin Dwight-Franklin's federal claims and under 28 U.S.C. § 1367(c)(3) as to his state-law claims.

2. Dwight-Franklin's Application to Proceed *In Forma Pauperis* [ECF No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 13, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court